Wayne E. Borgeest (WB-3034)
Ann Marie Collins(AC-7125)
KAUFMAN BORGEEST & RYAN LLP
200 Summit Lake Dr
Valhalla, New York 10595
(914) 741-6100 (Telephone)
(914) 741-0025 (Facsimile)
wborgeest@kbrlaw.com
acollins@kbrlaw.com

*Attorneys for Les Logiciels Info-Sys Software, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CASTLE OIL CORPORATION,                           Case No.: 07-7330

               Plaintiff,

        -against-

LES LOGICIELS INFO-SYS                            **ANSWER AND**
SOFTWARE, INC.,                                   **COUNTERCLAIMS**

               Defendant.
------------------------------------------------------------------X

     Defendant, Info-Sys Software, Inc., by and through its attorneys, KAUFMAN

BORGEEST & RYAN LLP, as and for its Answer to Plaintiff's Complaint, respectfully alleges

as follows:

### FIRST CAUSE OF ACTION

     1.     Defendant denies knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "1" of the Complaint.

     2.     Defendant admits the allegations contained in paragraph "2" of the Complaint.

     3.     Defendant admits the allegations contained in paragraph "3" of the Complaint.

625992

4.     Defendant asserts that no response to paragraph "4" of the Complaint is necessary, as the document referred to speaks for itself.

5.     Defendant asserts that no response to paragraph "5" of the Complaint is necessary, as the document referred to speaks for itself.

6.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "6" of the Complaint, except admits, upon information and belief, that Castle is in the business of selling fuel oil.

7.     Defendant denies the allegations contained in paragraph "7" of the Complaint, and further asserts that the Contract does not indicate that the Software to be provided by Info-Sys would be able to meet Castle's purported requirement of supporting its business operations.

8.     Defendant admits the allegations contained in paragraph "8" of the Complaint.

9.     Defendant denies the allegations contained in paragraph "9" of the Complaint.

10.     Defendant denies the allegations contained in paragraph "10" of the Complaint.

11.     Defendant denies the allegations contained in paragraph "11" of the Complaint.

12.     Defendant denies the allegations contained in paragraph "12" of the Complaint.

13.     Defendant denies the allegations contained in paragraph "13" of the Complaint.

14.     Defendant denies the allegations contained in paragraph "14" of the Complaint.

15.     Defendant denies the allegations contained in paragraph "15" of the Complaint.

16.     Defendant denies the allegations contained in paragraph "16" of the Complaint.

## SECOND CAUSE OF ACTION

17.     Defendant repeats and reiterates its responses to paragraphs "1" through "16" of the Complaint, as set forth in paragraphs "1" through "16," above.

18.     Defendant asserts that no response to paragraph "18" of the Complaint is necessary, as the document referred to speaks for itself.

19.     Defendant denies the allegations contained in paragraph "19" of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Defendant was not properly served with process in this action.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff has failed to mitigate any damages it may have sustained as a result of the matters alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Defendant has performed and fulfilled all conditions, covenants and promises required on its part to be performed and fulfilled in accordance with the terms of the Contract.  Any alleged non-performance by the Defendant was excused by the Plaintiff's breach or anticipatory breach of the Contract.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is not responsible for the Plaintiff's attorneys' fees and costs incurred in bringing this action.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff did not fulfill all the conditions precedent of the Contract.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's rights and claims, if any, are barred by its negligent and fraudulent misrepresentations.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, waiver, and/or estoppel.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because the Plaintiff anticipatorily breached the contract.

## TENTH AFIRMATIVE DEFENSE

The damages claimed to have been sustained by the Plaintiff were caused in whole or in part by the acts and/or omissions of the Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

The Contract was modified and, thus, is not enforceable in the manner in which the Plaintiff asserts.

Info-Sys reserves its right to assert affirmatively and/or rely on any other matter that properly constitutes an avoidance or an affirmative defense.

## COUNTERCLAIMS

The Counterclaim Plaintiff, Les Logiciels Info-Sys Software, Inc. ("Info-Sys"), by and through its attorneys, Kaufman Borgeest & Ryan LLP, alleges as follows for its Counterclaims against Castle Oil Corporation ("Castle"):

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action, including the Counterclaims, pursuant to 28 U.S.C § 1332. According to the Complaint, Castle is a resident of the County of

Westchester, State of New York. At all relevant times, Info-Sys was/is a corporation incorporated under the laws of Canada, having its principal place of business at 160 Montarville, Suite 201, City of Boucherville, Quebec.

2.     This action also satisfies the jurisdictional amount in controversy. As set forth in the Complaint, Plaintiff is seeking damages in excess of $75,000.

3.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(2). The United States District Court for the Southern District of New York is the proper venue for this action because the contract was to be performed in this District.

## PARTIES

4.     At all times relevant to this matter, Info-Sys was and is a corporation organized under the laws of Canada and has its principal place of business at 160 Montarville, City of Boucherville, Quebec J4B 6S2, Canada.

5.     Upon information and belief, at all times relevant to this matter, Castle was and still is a corporation organized under the laws of the State of New York and has a place of business at 500 Mamaroneck Avenue, Harrison, New York 10528.

## GENERAL ALLEGATIONS

6.     On or about March 21, 2005, Info-Sys and Castle entered into a written contract (the "Contract").

7.     Pursuant to the Contract, upon Castle's payment of fees set forth in the Contract and other related contracts and schedules designated in the Contract, Info-Sys was to provide Castle with the use of certain software, known as INFO-SYS ENTERPRISE (the "Software"), pursuant to a nontransferable license.

625992-1

8.     The software to be provided was "pre-packaged," meaning that it was to be provided in a pre-set format, with minimal modifications to be made thereto by Info-Sys, as delineated in the Contract.  It was not intended to be customized software.

9.     The Software, in its original form, and in the form provide to Castle, was functional and performed as Castle was advised it would perform.

10.     After Info-Sys began working with Castle to prepare the software for installation and use by Castle, Castle requested many significant modifications and customizations to the software that were not contemplated by Info-Sys when entering the Contract and were not reflected in the original Contract.

11.     The changes and modifications, of which Castle had not advised Info-Sys prior to entering into the Contract, were requested by Castle on various occasions over a two year period, between March 2005 and March 2007.

12.     Info-Sys worked with Castle for over two years to make the requested modifications and customizations to the Software.

13.     Castle's requested modifications and customizations delayed Info-Sys' preparation and installation of the Software on several occasions, and required the parties to set new "go live" dates.

14.     The "go live" dates, which were dates on which the running of the software would commence, were verbally agreed upon by the parties.

15.     Castle did not advise Info-Sys at any time prior to March 27, 2007 that it considered Info-Sys's continuing modifications to, and tweaking of, the Software to suit Castle's ever-changing desires to be a breach of the Contract or a failure to deliver the software for which it had contracted.

16.     There are no deadlines set forth in the Contract for the completion of the final version of the Software and/or the installation and running thereof.

17.     As of March 27, 2007, the version of the Software to be provided to Castle was approximately 90 per cent complete, and Info-Sys was continuing to work with Castle to finalize a version of the Software with which Castle would be completely satisfied.

18.     As of March 27, 2007, Castle had paid Info-Sys $642,767.50 that was due under the Contract. As of that date, Castle owed an additional $126,317.77 under the Contract.

19.     Although Info-Sys has billed Castle for the $126,317.77 owed under the Contract, Castle has refused to pay the amount owed.

20.     Without prior notice, Castle's Senior Vice President and General Counsel, Michael Meadvin, verbally advised Info-Sys on March 27, 2007 that Castle was terminating the Contract.

21.     The Contract allows termination thereof by Castle if Info-Sys commits a material breach of the Contract and does not cure the breach within twenty (20) days after written notice thereof.

22.     Castle did not, either prior to or on March 27, 2007, advise Info-Sys, in writing that it considered Info-Sys to have materially breached the Contract.

23.     Info-Sys did not materially breach the Contract.

24.     By its actions, Castle improperly terminated and/or repudiated the Contract.

25.     At the time of Castle's unilateral termination of the Contract, the Contract was still executory.

625992-1

26.     As described herein, Info-Sys was ready, willing and able to perform all of its obligations under the contract, and was in the process of doing so when Castle repudiated the contract.

27.     Castle's unilateral termination of the Contract prevented Info-Sys from completing the modifications needed to fulfill all of Castle's expressed desires.

28.     At the time of Castle's termination of the contract, a version of the Software was installed on Castle's computer system and was operational.

29.     Pursuant to the Contract, if the Software was used by Castle on or after May 1, 2007, the annual licensing fee for its use became due on May 1, 2007.

*30.*     Upon information and belief, Castle is presently using or has used the Software without paying the licensing fee due on May 1, 2007 pursuant to the Contract.

## FIRST CAUSE OF ACTION

31.     Info-Sys repeats and realleges paragraphs 1 through 30 of this Counterclaim as if fully set forth herein.

32.     Castle's actions constituted its anticipatory repudiation of the Contract.

33.     By reason of the foregoing, Info-Sys has been damaged in the amount of $178,817.77, which is comprised of the $126,317.77 billed to Castle and owed to Info-Sys under the Contract as of March 27, 2007, plus the yearly licensing fee of $52,500.00, owed to Info-Sys under the Contract as of May 1, 2007.

## SECOND CAUSE OF ACTION

34.     Info-Sys repeats and realleges paragraphs 1 through 33 of this Counterclaim as if fully set forth herein.

35.     Castle's actions constituted a breach of the Contract.

36.    By reason of the foregoing, Info-Sys has been damaged in the amount of $178,817.77, which is comprised of the $126,317.77 billed to Castle and owed to Info-Sys under the Contract as of March 27, 2007, plus the yearly licensing fee of $52,500.00, owed to Info-Sys under the Contract as of May 1, 2007.

### THIRD CAUSE OF ACTION

37.    Info-Sys repeats and realleges paragraphs 1 through 36 of this Counterclaim as if fully set forth herein.

38.    Paragraph 19 of the Contract provides:

> In any litigation between the parties, the prevailing party shall be entitled to recover its reasonable attorney's fees and court costs from the other party.

39.    By reason of the foregoing, Info-Sys is entitled to judgment for its attorneys fees and court costs in this action.

### PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiff Info-Sys respectfully requests entry of judgment in its favor as follows:

1.    Dismissing all counts of the Complaint with prejudice;

2.    Requiring Castle to make payment to Info-Sys for the remaining amounts owed under the Contract;

3.    Requiring Castle to make payment of the licensing fee to Info-Sys for its use of the Software;

4.    Enjoining Castle from continuing to use the Software in the absence of payment of the licensing fee;

5.    Awarding Info-Sys its attorney's fees and court costs; and

625992-1

6.    Granting such other and further relief as the Court may deem proper.

Dated:  Valhalla, New York
         August 23, 2007

                                        KAUFMAN, BORGEEST & RYAN LLP

                                        By: _____
                                            Wayne E. Borgeest, Esq. (WB 3034)
                                            Ann Marie Collins, Esq. (AC 7125)
                                            200 Summit Lake Drive
                                            Valhalla, New York 10598
                                            (914) 741-6100
                                            (914) 741-0025 (fax)
                                            acollins@kbrlaw.com
                                            ATTORNEYS FOR DEFENDANT
                                            INFO-SYS SOFTWARE, INC.

TO:    Gellert & Klein, P.C.
       Lillian S. Weigert
       Attorneys for Plaintiff
       Castle Oil Corporation
       75 Washington Street
       Poughkeepsie, New York 12601
       (845) 454-3250

       Info-Sys Software, Inc.
       160 Montarville, Suite 201
       Boucherville, Quebec J4B 6S2
       Canada